JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

James Carnicelli, Jr.

**(b)** County of Residence of First Listed Plaintiff   NY State; County of residence unknown
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph M. Pastore III, Esq., Pastore & Dailey, LLC
4 High Ridge Park, Third Floor, Stamford, CT 06905
(203) 658-8454, jpastore@psdlaw.net

### DEFENDANTS

John J. Fareri, Julie Fareri, Christopher Sheskier and The Gateway Development Group, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Timothy T. Corey, Esq., Hinckley Allen & Snyder LLP
20 Church Street, Hartford, CT 06103, (860) 278-3802
tcorey@hinckleyallen.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question   28 U.S.C. §1334(b) *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☒ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1452(a)
Brief description of cause: Breach of fiduciary duty and other corporate wrongdoing by officers and directors of Debtor, Gateway Development Group, Inc. and related claims.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ to be quantified

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Hon. Robert D. Drain

DOCKET NUMBER   21-22304 (Bankr. S.D.N.Y.)

DATE   June 10, 2021

SIGNATURE OF ATTORNEY OF RECORD
Irve J. Goldman, Pullman & Comley LLC, 850 Main St, 8th Fl. Bridgeport, CT 06604 (203) 330-2213 igoldman@pullcom.com

Attorney for Howard Magaliff, Chapter 7 Trustee of Gateway Development Group, Inc.

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

———————————————————————x
JAMES CARNICELLI JR.,                    :
                                         :
                        Plaintiff,       :        CASE NO.: ___21-792_____
-against-                                :
                                         :
JOHN J. FARERI, JULIE FARERI            :
CHRISTOPHER SHESKIER AND THE            :
GATEWAY DEVELOPMENT GROUP, INC.,        :
                                         :
                        Defendants;      :
and                                      :
                                         :
JAMES CARNICELLI JR.,                    :
                                         :
                        Derivative Plaintiff,   :
vs.                                      :
                                         :
JOHN J. FARERI, JULIE FARERI            :
CHRISTOPHER SHESKIER,                   :
                                         :
                        Derivative Defendants,  :
and                                      :
                                         :
THE GATEWAY DEVELOPMENT         :        June 10, 2021
GROUP, INC.                              :
                        Nominal Defendant.      :
———————————————————————x

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that THE GATEWAY DEVELOPMENT GROUP, INC.

("Gateway"), by its Chapter 7 Trustee, Howard Magaliff ("Trustee"), submits this Notice of

Removal in accordance with 28 U.S.C. §§ 1452(a), 1334(b) and 157(a) and Rule 9027 of

the Federal Rules of Bankruptcy Procedure, and hereby removes this action to the United

States District Court for the District of Connecticut from the State of Connecticut Superior

Court, Judicial District of Stamford/Norwalk at Stamford, where the action is now pending.

1

In support of this Notice of Removal, the Trustee respectfully states as follows:

1.        On May 25, 2021, Gateway filed a voluntary chapter 7 petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), whereupon the Trustee was appointed Gateway's chapter 7 Trustee.   The Chapter 7 Case is designated as Case No. 21-22304 (the "Chapter 7 Case").

2.        At the time of commencement of the Chapter 7 Case, a state court civil action under the caption *CARNICELLI, JR, JAMES v. FARERI, JOHN J Et Al*, and with the Docket No. FST-CV-20-6048778-S (the "Civil Action"), was pending before State of Connecticut Superior Court in and for the Judicial District of State of Connecticut Superior Court of Stamford/Norwalk at Stamford, (the "State Court").   In the Civil Action, Gateway is a plaintiff derivatively through the plaintiff, James Carnicelli, Jr., as well as a defendant and nominal defendant.

3.        The Civil Action asserts certain derivative claims against directors and officers of Gateway for alleged breaches of fiduciary duty, aiding and abetting breaches of fiduciary duty, statutory theft, conversion, and unfair trade practices based on alleged misappropriation of corporate opportunities and assets and other corporate wrongdoing, and the other claims are either against Gateway or are so related to Gateway or its Chapter 7 Case that bankruptcy and supplemental jurisdiction may be properly exercised over them.

4.        The Civil Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the State Court, was still pending before the State Court.

5.        This Notice of Removal is accompanied by a copy of the process and pleadings in the Civil Action in accordance with Rule 9027(1) of the Federal Rules of Bankruptcy Procedure.   The term "pleadings" is defined by Rule 7 of the Federal Rules of

Civil Procedure, made applicable by Rule 7007 of the Federal Rules of Bankruptcy Procedure.   Copies of the above-mentioned process and pleadings are to be filed contemporaneously with the filing of this Notice of Removal.  If additional documents relating to the Civil Action are required, the Trustee will submit such documents.

6.       Pursuant to Rule 9027(b) and (c), promptly after its filing with this Court, a copy of this Notice of Removal will be filed with the Clerk of the State Court and served upon all parties to the Civil Action.

7.       The Civil Action, including all claims and causes of action asserted therein, is a Civil Action other than a proceeding before the United States Tax Court; and it is not a Civil Action by a governmental unit to enforce such governmental unit's police or regulatory power.  The Civil Action was initiated prior to the commencement of the Chapter 7 Case.

8.       The Civil Action is a civil proceeding arising in or related to the Chapter 7 Case.  Pursuant to the Order of Referral of the United States District Court for the District of Connecticut, dated September 21, 1984 (Daly, C.J.), the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.), together with 28 U.S.C. §§ 1334(b), 1367(a) and 157, the United States Bankruptcy Court for the District of Connecticut and the Bankruptcy Court presiding over the Chapter 7 Case[1] have jurisdiction of each and every cause of action asserted in the Civil Action.  The principal or predominate claims and causes of action asserted in the Civil Action have a clear and direct impact on property of the estate under 11 U.S.C. §541.  Resolution of these and the other claims and causes of action asserted in the Civil Action will significantly affect the administration of the estate and would involve the

---

[1] Once removed, the Civil Action may be transferred to the Bankruptcy Court in the Southern District of New York pursuant to 28 U.S.C. §1412 and Fed. R. Bankr. P. 7087.

allowance or disallowance of the claims against the estate, counterclaims by the estate, attempts to exercise control of or obtain property of the estate, and proceedings affecting the liquidation of assets of the estate and the adjustment of debtor-creditor and equity security holder relationships of the Debtor's estate.  The Trustee consents to the entry of final orders or judgments by the Bankruptcy Court.

9.      This Notice of Removal is filed less than ninety (90) days after the order for relief in the Chapter 7 Case.  As mentioned above, the Civil Action was pending when the Chapter 7 Case was commenced.  Each claim or cause of action in the Civil Action arises in or is at least related to the Chapter 7 Case, or is one over which supplemental jurisdiction may be exercised under 28 U.S.C. § 1367(a).  Removal of each claim and cause of action of the Civil Action to this Court is authorized by 28 U.S.C. §§ 1452(a), 1334(b) and 157.  Pursuant to 28 U.S.C. §1412 and Fed. R. Bankr. P. 7087, this Court may then transfer the Civil Action directly to the Bankruptcy Court  by virtue of the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.), referring bankruptcy matters to the United States Bankruptcy Court for the Southern District of New York.  Removal is in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure.

**NOW THEREFORE**, all parties to the Civil Action pending in the State Court as FST-CV-20-6048778-S are **HEREBY NOTIFIED** pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure, as follows:

Removal of the Civil Action and all claims and causes of action therein to the United States District Court for the District of Connecticut was or will be effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Rule 9027(c)

of the Federal Rules of Bankruptcy Procedure.  The parties to the Civil Action shall proceed

no further in the State Court unless and until the action is remanded.


Dated: Bridgeport, Connecticut                   HOWARD MAGALIFF,
      June 10, 2021                                 CHAPTER 7 TRUSTEE OF GATEWAY
                                              DEVELOPMENT GROUP, INC.


                                          By:/s/Irve J. Goldman
                                             Irve J. Goldman (ct02404)
                                             Pullman & Comley, LLC
                                             850 Main Street, P.O. Box 7006
                                             Bridgeport, CT  06601-7006
                                             Tel: 203 330 2213
                                             igoldman@pullcom.com
                                             His Attorneys

ACTIVE/8.3/IJG/9613059v1

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13



STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **123 Hoyt Street, Stamford, CT 06905** | ( 203 ) 965 – 5308 | 10/27/2020 |

☒ Judicial District   ☐ G.A. Number: ☐ Housing Session | At *(City/Town)* **Stamford** | Case type code *(See list on page 2)* Major: **C00**  Minor:

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| **Pastore & Dailey LLC** | **433711** |
| Telephone number ( 203 ) 658 – 8454 | Signature of plaintiff *(if self-represented)* |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* **JPastore@psdlaw.net**

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **James Carnicelli, Jr.** Address: **14 Dunham Road, Scarsdale, NY 10583** | P-01 |
| **Additional plaintiff** | Name: Address: | P-02 |
| **First defendant** | Name: **John J Fareri** Address: **2 Dearfield Drive, Greenwich, CT 06831** | D-01 |
| **Additional defendant** | Name: **Julie Fareri** Address: **4 Cove Ridge Lane, Old Greenwich, CT 06870** | D-02 |
| **Additional defendant** | Name: **Christopher Sheskier** Address: **2 Dearfield Drive, Greenwich, CT 06831** | D-03 |
| **Additional defendant** | Name: **The Gateway Development Group, Inc.** Address: **2 Dearfield Drive, Greenwich, CT 06831** | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 4 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date **10/09/2020** | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court ☐ Clerk | Name of person signing **Joseph M. Pastore III, Esq.** |
|---|---|---|---|

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| | *For Court Use Only* |
|---|---|
| | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*
   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
|  | C 10 | Construction - State and Local |  | P 10 | Partition |
|  | C 20 | Insurance Policy |  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | C 30 | Specific Performance |  | P 30 | Asset Forfeiture |
|  | C 40 | Collections |  | P 90 | All other |
|  | C 50 | Uninsured/Underinsured Motorist Coverage | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |  | T 03 | Defective Premises - Private - Other |
|  | C 90 | All other |  | T 11 | Defective Premises - Public - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 12 | Defective Premises - Public - Other |
|  | E 10 | Redevelopment Condemnation |  | T 20 | Products Liability - Other than Vehicular |
|  | E 20 | Other State or Municipal Agencies |  | T 28 | Malpractice - Medical |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 29 | Malpractice - Legal |
|  | E 90 | All other |  | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit |  | T 40 | Assault and Battery |
|  | H 12 | Housing - Rent and/or Damages |  | T 50 | Defamation |
|  | H 40 | Housing - Housing - Audita Querela/Injunction |  | T 61 | Animals - Dog |
|  | H 50 | Housing - Administrative Appeal |  | T 69 | Animals - Other |
|  | H 60 | Housing - Municipal Enforcement |  | T 70 | False Arrest |
|  | H 90 | Housing - All Other |  | T 71 | Fire Damage |
| Miscellaneous | M 00 | Injunction |  | T 90 | All other |
|  | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 15 | Receivership for Abandoned/Blighted Property |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 20 | Mandamus |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 40 | Arbitration |  | V 09 | Motor Vehicle* - All other |
|  | M 50 | Declaratory Judgment |  | V 10 | Boats |
|  | M 63 | Bar Discipline |  | V 20 | Airplanes |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 30 | Railroads |
|  | M 68 | Bar Discipline - Inactive Status |  | V 40 | Snowmobiles |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  | V 90 | All other |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | M 84 | Foreign Protective Order |  | W 90 | All other |
|  | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |  |  |  |
|  | M 90 | All other |  |  |  |

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 123 Hoyt Street, Stamford, CT 06905 | ( 203 ) 965 − 5308 | 11.10.2020 |

| ☒ Judicial District   ☐ Housing Session | G.A. Number: | At *(City/Town)* Stamford | Case type code *(See list on page 2)* Major: **C00**   Minor: |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| **Pastore & Dailey LLC** | 433711 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 658 − 8454 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |
|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|---|
| **First plaintiff** | Name: | James Carnicelli Jr. | P-01 |
| | Address: | 14 Dunham Road, Scarsdale, NY 10583 | |
| **Additional plaintiff** | Name: | | P-02 |
| | Address: | | |
| **First defendant** | Name: | John J. Fareri | D-01 |
| | Address: | 2 Dearfield Drive, Greenwich, CT 06831 | |
| **Additional defendant** | Name: | Julie Fareri | D-02 |
| | Address: | 4 Cove Ridge Lane, Old Greenwich, CT 06870 | |
| **Additional defendant** | Name: | Christopher Sheskier | D-03 |
| | Address: | 2 Dearfield Drive, Greenwich, CT 06831 | |
| **Additional defendant** | Name: | The Gateway Development Group, Inc. | D-04 |
| | Address: | 2 Dearfield Drive, Greenwich, CT 06831 | |

| Total number of plaintiffs: 1 | Total number of defendants: 4 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☐ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 10.21.2020 | | ☐ Clerk | **Joseph M. Pastore III, Esq.** |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

| Print Form | Page 1 of 2 | Reset Form |
|---|---|---|

## Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*

2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*

3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*

4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*

5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*
   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

RETURN DATE:  OCTOBER 27, 2020

| | |
|---|---|
| JAMES CARNICELLI JR., | : SUPERIOR COURT |
| | : |
| Plaintiff, | : JUDICIAL DISTRICT OF |
| | : |
| vs. | : STAMFORD/ NORWALK |
| | : |
| JOHN J. FARERI, JULIE FARERI, | : AT STAMFORD |
| CHRISTOPHER SHESKIER, and THE GATEWAY | : |
| DEVELOPMENT GROUP, INC., | : OCTOBER 09, 2020 |
| | : |
| Defendants; | |

And

JAMES CARNICELLI JR.,

                     Derivative Plaintiff,

vs

JOHN J. FARERI, JULIE FARERI, and
CHRISTOHER SHESKIER,

                     Derivative Defendants,

and

THE GATEWAY DEVELOPMENT GROUP, INC.,

                     Nominal Defendant

## **COMPLAINT**

    Plaintiff James Carnicelli Jr.  ("Plaintiff" or "Mr. Carnicelli") by his undersigned attorneys Pastore & Dailey LLC for his complaint against Defendants John J. Fareri ("Mr. Fareri"), Julie Fareri ("Ms. Fareri"), Christopher Sheskier (Mr. Sheskier") (collectively, the "Individual Defendants"), The Gateway Development Group, Inc. (the "Company") alleges as follows:

1

## NATURE OF ACTION

1.      This is an action to hold a majority shareholder accountable for his wrongful actions toward the Company and its minority shareholder, Mr. Carnicelli.

2.      Mr. Fareri is a real estate mogul. He is the Company's majority shareholder as well as the Chairman of its Board of Directors; he is thereby legally required to act in the Company's best interests. However, in breach of his fiduciary duties and the Company's Shareholders' Agreement, Mr. Fareri has diverted millions of dollars that should have been paid to the Company to other entities he controls. This scheme has allowed him and his other entities to pocket the profits of the Company's work, at the expense of the Company and Mr. Carnicelli.

3.      When Mr. Carnicelli questioned Mr. Fareri's conduct, Mr. Fareri unilaterally purported to suspend the Company's operations and terminate Mr. Carnicelli's role as President of the Company.

4.      Ms. Fareri, the Secretary of the Company and Mr. Sheskier, the self-proclaimed Chief Financial Officer of the Company, were complicit in Mr. Fareri's misconduct and actively participated in misstating the Company's financial records, improperly suspending the Company's operations and improperly diverting profits to other entities controlled by Mr. Fareri that should have been paid to the Company.

5.      Mr. Carnicelli therefore brings this action, both on his own behalf and derivatively on behalf of the Company, for compensation for the damages resulting from Mr. Fareri's, Ms. Fareri's and Mr. Sheskier's wrongful acts.

6.      In addition, Mr. Carnicelli seeks a judicial dissolution of the Company, so that the Court can supervise an orderly winding down of the Company and bring about an accounting of

2

the Company's assets. Mr. Carnicelli also seeks a temporary restraining order to prevent the Defendants from further altering the Company's financial records and further profiting from the use of the Company's assets such as machinery, tools and equipment.

## THE PARTIES

7.      Plaintiff James Carnicelli Jr. is an individual, the President of the Company, and a resident of the State of New York.

8.      Defendant John J. Fareri is an individual, the Chairman of the Company, and a resident of the State of Connecticut. Mr. Fareri is an officer and the majority shareholder of the Company.

9.      Defendant Julie Fareri is an individual and a resident of the State of Connecticut. Ms. Fareri is the Secretary of the Company. On information and belief, Mr. Fareri and Ms. Fareri are father and daughter.

10.      Defendant Christopher Sheskier is an individual. On information and belief, he is a resident of the State of New York. Upon information and belief, Mr. Sheskier is a Certified Public Accountant. He performed financial and accounting services for the Company as well other businesses controlled by Mr. Fareri, and he holds himself out as the Chief Financial Officer of the Company.

11.      Defendant The Gateway Development Group, Inc. is a Connecticut corporation with an address of 2 Dearfield Drive, Greenwich, Connecticut.

## JURISDICTION AND VENUE

12.      Jurisdiction is proper with the Superior Court of the State of Connecticut because (1) the Company is a Connecticut corporation that is based in Connecticut,  (2) the

3

Company conducted operations in Connecticut,  (3) Mr. Fareri is a resident of Connecticut, (4) Ms. Fareri is a resident of Connecticut, (5) all of the Individual Defendants transacted business within Connecticut and committed wrongful acts in Connecticut.

13.    Venue is proper in the Judicial District of Stamford/Norwalk at Stamford because the Company is located within the judicial district and two of the Individual Defendants reside within the judicial district.

## **BACKGROUND FACTS**

### *General Corporate Matters*

14.    The Company is a construction services business created by Mr. Fareri in 2006, with Mr. Carnicelli's assistance. It performs services for a variety of other entities, all controlled by Mr. Fareri.

15.    In 2014, Mr. Fareri, Mr. Carnicelli and the Company entered into a "Shareholders' Agreement" effective January 14, 2014 (the "Shareholders' Agreement"), pursuant to which the Company issued 98 shares to Mr. Carnicelli and Mr. Fareri continued to own 102 shares. Accordingly, Mr. Carnicelli owns 49% of the Company and Mr. Fareri owns 51% of the Company.

16.    The Shareholders' Agreement requires that "the operation of the [Company] in accordance with this Agreement will be in the best interest of the [Company] and its Shareholders and creditors."

17.    Paragraph 4.1 of the Shareholders' Agreement lists three officers who "shall remain as such during the entire term of this Agreement": Mr. Fareri as Chairman of the Board of Directors, Mr. Carnicelli as President, and Ms. Fareri as Secretary.

18.     The Shareholders' Agreement expressly provides that "no officer" – including Mr. Carnicelli, the President – "shall be removed with or without cause, for any reason whatsoever, during the term of [the] Agreement."

19.     Pursuant to paragraph 5 of the Shareholders' Agreement, Mr. Carnicelli is entitled to receive a base salary of $250,000 as President of the Company.

20.     Further, Mr. Carnicelli is entitled to receive shareholder distributions based on his 49% ownership position in the Company. Mr. Fareri represented to Mr. Carnicelli, and Mr. Carnicelli understood, that the Company would be paid the profits that were usual and customary in the construction industry for the jobs the Company would do for other entities owned 100% by Mr. Fareri (the "Projects").

21.     For every dollar owed to the Company that Mr. Fareri transfers to a company of which he is the 100% owner, Mr. Fareri effectively doubled his money because he thereby avoids paying Mr. Carnicelli his 49% share.

22.     As a result of the foregoing, Mr. Fareri had, and continues to have, an irreconcilable conflict of interest.

23.     Furthermore, Mr. Fareri took no steps to resolve the conflict of interest; instead, he capitalized on it.

24.     Mr. Carnicelli's responsibilities at the Company are detailed in paragraph 5 of the Shareholders' Agreement and include providing leadership and business judgment on the financial and profitability aspects of various Projects.

25.     Paragraph 5.2 of the Shareholders' Agreement provides that there would be no change in Mr. Carnicelli's salary or in his duties during the term of his employment.

26.     Pursuant to Paragraph 16.8 of the Shareholders' Agreement, "[p]roper accounting records of all [Company] business shall be kept and shall remain open to inspection (or copying) by any of the Shareholders . . . at all reasonable times."

*Diversion of Company Profits*

27.     As the Company's President, Mr. Carnicelli took on an active role in managing the Company as it worked on and completed numerous Projects for entities controlled by Mr. Fareri. Despite the Company's performance, the Fareri entities repeatedly failed to pay the Company the profits it had earned. Notwithstanding his obligations to the Company as an officer and the majority shareholder and his representations and agreement with Mr. Carnicelli, Mr. Fareri kept the profits from the various Projects in other entities and withheld them from the Company and Mr. Carnicelli. Mr. Fareri would pay the Company for its "costs," meaning the salaries and wages necessary for the Company to perform the services, not the "rate multipliers" on the professionals' time that would create "profit" for the Company. This scheme created a great savings for Mr. Fareri's other entities and deprived the Company of standard business profit and Mr. Carnicelli of his value as the 49% owner.

28.     A particularly egregious example of Mr. Fareri's wrongdoing involves a condominium development for the Village of Bronxville, New York (the "Bronxville Project"). The Company performed extensive environmental mediation and construction work for Gateway Kensington, LLC ("Kensington"), a business entity controlled by Mr. Fareri. A written agreement memorialized the terms of the services engagement between the Company and Kensington and set forth written fee schedules.

6

29.     As a result of the Company's work, upon information and belief Kensington sold the condominiums for over $100 million and Mr. Fareri received millions of dollars in profits and tax credits through Kensington.

30.     The Company, however, did not receive the fees to which it was entitled. Mr. Fareri refused to pay the Company more than $16 million that remains due for work performed on the Bronxville Project.[1]

31.     The Bronxville Project was just one instance in which Mr. Fareri and his entities refused to pay the Company its fair, agreed-upon labor rates and fees for services rendered. On multiple other Projects, entities owned and controlled by Mr. Fareri have paid the Company only enough to cover the Company's out of pocket costs and have withheld management fees and usual and customary labor fees. Those Projects include construction projects at 3030 Westchester Avenue, 415 Greenwich Avenue, Old Track Residential, The Harbor, 1162 East Putnam Avenue, and Temple Street.

32.     Among other things, the fees identified by Mr. Fareri and Mr. Sheskier do not reflect the usual and customary labor rates that the Company is owed for each project. Accordingly, a complete accounting is required to determine the total amount due to the Company.

---

[1] In 2020, Mr. Carnicelli, derivatively on behalf of the Company, commenced an arbitration against Kensington in which he is seeking $16,094,720 representing fees due the Company for services rendered on the Bronxville Project. Damages for that breach of contract claim are not sought here. However, once Mr. Carnicelli is successful in the arbitration and damages are paid to the Company, Mr. Carnicelli anticipates that he will require the assistance of the Court to ensure that the Company makes the shareholder distributions necessary for Mr. Carnicelli to receives his share of the Company's fees. Accordingly, in this action Mr. Carnicelli is seeking judicial dissolution of the Company and judicial supervision of the distribution of the Company's assets.

*Mr. Fareri Purports to Suspend the Company's Operations and Fire Mr. Carnicelli*

33.     In 2018 and 2019, Mr. Carnicelli demanded that Mr. Fareri honor his obligations and pay the Company the profits it had earned on the Bronxville Project and other Projects.

34.     In response, Mr. Fareri wrongfully purported to suspend the Company's operations and terminate Mr. Carnicelli's role at the Company.

35.     Specifically, on October 18, 2019, Ms. Fareri wrote to Mr. Carnicelli and stated:

*"I have spoken to [Mr. Fareri] and he asked me to reach out to you. Given the*

*overall circumstances, acting as the majority shareholder and the sole director[2] of*

*[the Company] he has decided to suspend operations of the company. This means*

*that at this point you should not come to the office at 2 Deerfield and [Mr. Fareri]*

*has decided to award the Goshen project to WESCORP, please refrain from going*

*to this site also. As of the end of workday today, October 18, 2019, you will no*

*longer have access to your Gateway email or work computer."*

36.     Upon purportedly suspending the Company's operations, Mr. Fareri, with Ms. Fareri's assistance, transferred Company Projects to other entities, thus diverting work and profits away from the Company to other Fareri-controlled entities. Mr. Fareri and Ms. Fareri also took Company assets, including trucks and other equipment, and put them to use for the benefit of those other companies (in which Mr. Carnicelli has no financial interest). Ms. Fareri also reassigned the staff of the Company to other entities controlled by Mr. Fareri. The Company's operations thus were effectively terminated, and its assets were transferred to other entities controlled by Mr. Fareri

---

[2] On information and belief, Mr. Fareri 'removed' the Company's other directors.

8

without consent from Mr. Carnicelli, its President and 49% shareholder, or approval by the Company's board.

37.     For example, the Goshen project (referred to in Ms. Fareri's email quoted above) was a redevelopment project that the Company performed for an entity controlled by Mr. Fareri. Mr. Fareri took the Goshen Project from the Company and gave it to another entity he controlled.

38.     Mr. Fareri and Mr. Sheskier have acknowledged that at the time Mr. Fareri took the Goshen Project from the Company, the Company was owed more than $65,100 in fees for construction services rendered. Once again, however, that amount falls far shy of the amount the Company should have been paid. The fee is arbitrary and does not reflect the usual and customary labor rates that should have been paid. In addition, if the Company had not been deprived of the opportunity to complete the Project, it would have been due additional fees.

39.     When Mr. Fareri purported to suspend the Company's operations, he further deprived the Company of the opportunity to profit on upcoming Projects that would have been awarded to the Company in the absence of Mr. Fareri's wrongful acts. For example, the Company was slated to work on the development of the North 60 Project, a $1.2 billion development of nearly 3 million square feet of space in the Town of Mount Pleasant, New York. On information and belief, Mr. Fareri has diverted this Project, which is expected to be highly profitable, to another entity that he controls. Mr. Fareri's purported suspension of Company operations and diversion of corporate opportunities was done without shareholder or board approval.

40.     On October 18, 2019, Ms. Fareri wrote to Mr. Carnicelli that "[Mr. Fareri] does not believe it is appropriate or productive for you and he to engage in any further direct communications until there is a resolution of the current situation; and, in that regard, we are

9

suggesting that you engage an attorney to represent you in negotiating a mutually acceptable settlement."

41.     As of the date hereof, Mr. Carnicelli has not been paid his contractually required salary as President of the Company since October 31, 2019.

42.     As Chairman of the Board, Mr. Fareri has not held a board meeting, conducted a shareholder vote, or otherwise properly governed the Company.  On information and belief, Mr. Fareri also removed directors of the Company in violation of the Shareholders' Agreement and statutory law.

43.     The Individual Defendants, in their to scheme to convert, steal or otherwise defraud Mr. Carnicelli of money to which he was rightfully entitled, engaged in self-dealing, unauthorized manipulation, misallocation and diversion of profits owed to the Company. The Defendants have effectively taken the profits from past Company Projects, ongoing Company Projects, and prospective Company Projects that are very substantial. Mr. Fareri's actions were undertaken without proper formalities or corporate approval, and should therefore be rendered null and void.

*Mr. Fareri and Mr. Sheskier manipulated the Company's*
*financial records and denied Mr. Carnicelli access to tax records.*

44.     Upon information and belief, Mr. Fareri, with the assistance of Mr. Sheskier, manipulated the Company's books and records.

45.     In July 2020, Mr. Sheskier informed Mr. Carnicelli that the 2019 Company income tax returns were unavailable and that there were no funds available for distributions to shareholders.  He further instructed Mr. Carnicelli that based on his "internal review" of financial records, the prior year financial records and tax returns would need to be amended.

Mr. Sheskier further refused to deliver to Mr. Carnicelli his K-1 schedules and other tax documents and back up information.

*Demand is Futile*

46.     The Board of the Company is controlled by Mr. Fareri, who acts as its sole director and has failed to follow basic corporate governance norms. Therefore, asking the Board to bring claims for the benefit of the Company would be futile.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Action for Judicial Dissolution as to The Gateway Development Group Inc.
Conn. Gen. Stat. §33-1171, 33-896 through 900)**

47.     Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

48.     Mr. Carnicelli is a shareholder of the Company.

49.     Mr. Fareri, the Company's Chairman and its majority shareholder, controls Company. He has acted in a manner that is illegal, oppressive or fraudulent, and the Company's assets are being misapplied or wasted.

50.     Mr. Fareri has caused companies he controls to withhold millions of dollars in fees due to the Company for its construction management services for the Bronxville Project and other Projects. Mr. Fareri improperly diverted those fees to other companies he controls.

51.     Mr. Fareri has caused the financial obligations, fees, duties, accounting methodology, profits and finances of the Company to be misstated and misrepresented on its books and elsewhere.

52.     Mr. Fareri improperly purported to suspend the Company's business and improperly transferred Company assets, and diverted Company opportunities, to other business entities he controls.

53.     Mr. Fareri has not held a board meeting, conducted a shareholder vote, or properly governed the Company.

54.     Accordingly, pursuant to Connecticut General Statute §§ 33-896 (B) and (D), the Court should order that an accounting be conducted, monies be distributed, and that the Company be dissolved under C.G.S.A 33-896-900.

## SECOND CAUSE OF ACTION
### (Action for Temporary Restraining Order, Permanent Injunction and Temporary Injunction as to all Defendants – Conn. Gen. Stat. § 52-471)

55.     Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

56.     Mr. Carnicelli has no adequate remedy at law as his harm is continuous and will be irreparable without an injunction. Mr. Carnicelli is likely to prevail on the merits of his case based on Defendants' blatantly oppressive and illegal behavior and the balance of equities tips heavily in favor of Mr. Carnicelli.

57.     Defendants' manipulation of Company financial records is unlawful and in breach of the Shareholders' Agreement, and their actions will cause Mr. Carnicelli immediate, ongoing, and irreparable injury.

58.     Defendants' manipulation of financial documents and failure to disclose tax documents was unlawful and as to Mr. Fareri was a breach of the Shareholders' Agreement, which will allow Mr. Carnicelli to prevail on the merits of this action and skews the balance of equity in favor of Mr. Carnicelli.

12

59.     Defendants must be prohibited and restrained from continuing their pattern of oppressive and fraudulent conduct, including the conversion of assets and revenue of the Company for their personal benefit. A judicial marshalling of assets and a proper accounting must be done so that the ultimate distribution of those assets can occur.

60.     The Defendants must be prohibited and restrained from continuing their pattern of oppressive and fraudulent conduct, including being restricted from altering financial records.

### THIRD CAUSE OF ACTION
### (Breach of Contract as to Mr. Fareri and the Company)

61.     Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

62.     Mr. Fareri, Mr. Carnicelli, and the Company are parties to the Shareholders' Agreement.

63.     Mr. Carnicelli has fully performed his obligations under the Shareholders' Agreement. Mr. Fareri has not.

64.     Section 4.1 of the Shareholders' Agreement prohibits the removal of Mr. Carnicelli from his position as President "with or without cause, for any reason whatsoever."

65.     Mr. Fareri wrongfully purported to remove Mr. Carnicelli from his position as President of the Company, thereby breaching the Shareholders' Agreement.

66.     In the alternative, Mr. Fareri's purported attempt to remove Mr. Carnicelli from his position as President of the Company was ineffective, as it was done in violation of the Shareholders' Agreement and without approval by the Board of Directors. Mr. Carnicelli therefore remains President of the Company and is entitled to his annual salary, which the Shareholders' Agreement provides will be $250,000 and shall not be changed.

13

67.     Mr. Fareri and the Company have breached the Shareholders' Agreement by failing to pay Mr. Carnicelli his annual salary from November 1, 2019.

68.     Paragraph 16.8 of the Shareholders' Agreement provides that "Proper accounting records of all [Company] business shall be kept and shall remain open to inspection (or copying) by any of the Shareholders."

69.     Mr. Fareri wrongfully has caused the Company's accounting records to be kept improperly, and has caused the financial obligations, fees, duties, accounting methodology, profits and finances of the Company to be misstated and misrepresented on its books, thereby breaching the Shareholders' Agreement. In addition, he has denied Mr. Carnicelli the opportunity to inspect the Company's tax returns and other financial records, in further breach of the Shareholders' Agreement.

70.     Accordingly, Mr. Carnicelli has been damaged in an amount to be determined at trial, including unpaid salary through the date of judicial dissolution of the Company.

**FOURTH CAUSE OF ACTION**
**(Violation of Conn. General Statute § 31-72 as to Mr. Fareri and the Company)**

71.     Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

72.     Mr. Carnicelli is entitled under the Shareholders' Agreement to wages in the form of an annual salary of $250,000 as President of the Company. He cannot be removed from his position as President "with or without cause, for any reason whatsoever."

73.     Mr. Fareri and the Company have violated Connecticut General Statute 31-72 by failing to pay Mr. Carnicelli his annual salary from November 1, 2019.

74.     Mr. Carnicelli is therefore entitled to damages of twice the full amount of his unpaid wages through the date of judicial dissolution of the Company, plus costs and attorney's fees.

14

### FIFTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing
### as to Mr. Fareri and the Company)

75.     Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

76.     Mr. Fareri, Mr. Carnicelli, and the Company are parties to the Shareholders' Agreement.

77.     The Shareholders' Agreement requires that "the operation of the [Company] in accordance with this Agreement will be in the best interest of the [Company] and its Shareholders and creditors."

78.     Mr. Fareri engaged in the conduct described above, which interfered with Mr. Carnicelli's right to receive the benefits under the Shareholders' Agreement to which he is entitled, including his salary and his share of the usual and customary profits that the Company should have been paid.

79.     Mr. Fareri was acting in bad faith when he engaged in the conduct described above.

80.     Accordingly, Mr. Carnicelli was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (Violation of the Connecticut Unfair Trade Practices Act ("CUTPA") as to Mr. Fareri, Ms. Fareri and Mr. Sheskier)

81.     Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

82.     The Individual Defendants' actions, including withholding millions of dollars in payments due to the Company and diverting those payments to other entities for the Individual Defendants' own benefit; misrepresenting and retroactively altering the

Company's financial records; withholding the Company's tax returns and tax schedules; suspending the Company's business; transferring the Company's assets to other entities controlled by Mr. Fareri; and facilitating the actions detailed above, are unfair and oppressive and violate the public policy against unfair and deceptive business practices.

83.   The Individual Defendants' aforementioned conduct was undertaken in the course of their trade or business and/or in the course of engaging in a business in competition with Mr. Carnicelli.

84.   The Individual Defendants' aforementioned conduct therefore constitutes unfair or deceptive practices within the meaning of Connecticut General Statute § 42-110(b), in that said conduct violates or offends public policy, is immoral, unethical or unscrupulous, or is substantially injurious to consumers, competitors or other businesspersons.

85.   The Individual Defendants' aforementioned conduct caused substantial monetary injury to Mr. Carnicelli, who is a competitor or other businessperson, which could not reasonably have been avoided and is not overweighed by any countervailing benefit to consumers, competitors or other businesspersons.

86.   As a direct and proximate result of the Individual Defendants' violations of CUTPA, Mr. Carnicelli has suffered an ascertainable loss of money.

87.   Pursuant to Conn. Gen. Stat. § 42-110g(c), copies of this Complaint have been or will be mailed to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection of the State of Connecticut.

## SEVENTH CAUSE OF ACTION
### (Fraud as to Mr. Fareri)

88.   Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

16

89.     Mr. Fareri represented to Mr. Carnicelli that he would receive substantial financial benefits from his ownership interest in the Company. Mr. Fareri represented that the Company would earn significant profits, and that the Company would make shareholder distributions after receiving those profits.

90.     These representations were false. Mr. Fareri never intended to live up to the representations he made. To the contrary, he intended to maximize his own financial interests at the expense of Mr. Carnicelli's, including by causing entities he controls to withhold monies owed to the Company, and by causing the Company to refrain from making shareholder distributions.

91.     Mr. Fareri intended for Mr. Carnicelli to rely on his misrepresentations, and Mr. Carnicelli did rely. He worked hard to execute his responsibilities as President of the Company, and did not receive the profits and salary to which he was entitled.

92.     Accordingly, Mr. Carnicelli has been damaged in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**FIRST DERIVATIVE CLAIM**
**(Breach of Fiduciary Duty as to Mr. Fareri, Ms. Fareri, and Mr. Sheskier)**

93.     Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

94.     As majority shareholder Mr. Fareri owes a duty of loyalty, good faith and fair dealing to the Company.

95.     As a director Mr. Fareri owes a duty of loyalty, good faith and fair dealing to the Company.

96.     As an officer, Mr. Fareri owes a duty of loyalty, good faith and fair dealing to the Company.

17

97.     As an officer, Ms. Fareri owes a duty of loyalty, good faith and fair dealing to the Company.

98.     As an officer, Mr. Sheskier owes a duty of loyalty, good faith and fair dealing to the Company.

99.     The Individual Defendants breached their fiduciary duties by committing the wrongful acts alleged herein, including by withholding millions of dollars in payments due to the Company and diverting those payments to other entities for the Individual Defendants' own benefit; misrepresenting and retroactively altering the Company's financial records; concealing and withholding the Company's tax returns and tax schedules; purporting to suspend the Company's business; and transferring the Company's assets to other entities controlled by Mr. Fareri.

100.    The actions of the Individual Defendants include self-dealing and usurpation of corporate opportunities in breach of their fiduciary duties.

101.    Accordingly, the Company has been damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
### SECOND DERIVATIVE CLAIM
#### (Aiding and Abetting Mr. Fareri's Breach of
#### Fiduciary Duty as to Ms. Fareri and Mr. Sheskier)

102.    The Company repeats and realleges all prior allegations as if fully set forth herein.

103.    Ms. Fareri and Mr. Sheskier assisted Mr. Fareri in the performance of wrongful acts in breach of his fiduciary duties to the Company, including the alteration of Company

18

financial records and diversion of Company assets. Ms. Fareri and Mr. Sheskier knew these actions to be in breach of Mr. Fareri's fiduciary duties to the Company.

104.    Accordingly, the Company has been harmed in an amount to be determined at trial.

**TENTH CAUSE OF ACTION**
**THIRD DERIVATIVE CLAIM**
**(Statutory Theft Conn. Gen. Stat. § 52-564 as to Mr. Fareri)**

105.    Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

106.    Mr. Fareri's actions, including withholding millions of dollars in payments due to the Company and diverting those payments to other entities for his own benefit, misrepresenting and retroactively altering the Company's financial records, concealing and withholding the Company's tax returns and tax schedules, purporting to suspend the Company's business and transferring the Company's assets, to other entities he controls, constitute theft.

107.    Mr. Fareri took and withheld the Company's property and deprived the Company of its property.

108.    Accordingly, the Company has been damaged in an amount to be determined at trial.

109.    Additionally, pursuant to Conn. Gen. Stat. § 52-564, the Company is entitled to treble damages.

**ELEVENTH CAUSE OF ACTION**
**FOURTH DERIVATIVE CLAIM**
**(Conversion of Funds as to Mr. Fareri)**

110.    Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

19

111.   Mr. Fareri intentionally and wrongfully took property of the Company, including millions of dollars in payments due to the Company for services rendered on the Bronxville Project and other Projects, as well as other assets of the Company, without authority or permission.

112.   Accordingly, the Company has been damaged in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION
## FIFTH DERIVATIVE CLAIM
### (Violation of the Connecticut Unfair Trade Practices Act ("CUTPA") as to Mr. Fareri, Ms. Fareri and Mr. Sheskier)

113.   Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

114.   The Individual Defendants' actions, including withholding millions of dollars in payments due to the Company and diverting those payments to other entities for the Individual Defendants' own benefit; misrepresenting and retroactively altering the Company's financial records; concealing and withholding the Company's tax returns and tax schedules; suspending the Company's business; transferring the Company's assets to other entities controlled by Mr. Fareri and facilitating the actions detailed above, are unfair and oppressive and violate the public policy against unfair and deceptive business practices.

115.   The Individual Defendants' aforementioned conduct was undertaken in the course of their trade or business.

116.   The Individual Defendants' aforementioned conduct therefore constitutes unfair or deceptive practices within the meaning of Connecticut General Statute § 42-110(b), in that said conduct violates or offends public policy, is immoral, unethical or unscrupulous, or is substantially injurious to consumers, competitors or other businesspersons.

117. The Individual Defendants' aforementioned conduct caused substantial monetary injury to the Company that could not reasonably have been avoided and is not overweighed by any countervailing benefit to consumers, competitors or other businesspersons.

118. As a direct and proximate result of the Individual Defendants' violations of CUTPA, the Company has suffered an ascertainable loss of money.

119. Pursuant to Conn. Gen. Stat. § 42-110g(c), copies of this Complaint have been or will be mailed to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection of the State of Connecticut.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Carnicelli respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

1. An order for Judicial dissolution of the Company, an accounting and a judicial marshaling of the Company with the proceeds of winding up to go to Mr. Carnicelli;

2. A temporary restraining order to prevent the Defendants from further altering the Company's financial records and to prevent Defendants from further profiting from the Company's assets such as machinery, tools and equipment;

3. A temporary and permanent Order of Injunction enjoining and restraining Defendants from continuing their pattern of oppressive and fraudulent conduct;

4. An order of equitable and legal relief requiring Defendants to return any and all monies wrongfully obtained, immediately, and without delay, and to provide Mr. Carnicelli

access to the Company's books and records and to tax return information, including his K-1 schedules;

5.      Awarding the Plaintiff punitive damages to the extent of Plaintiff's entitlement thereto under applicable laws, including pursuant to Conn. Gen. Stat. § 42-110g(a);

6.      Awarding the Plaintiff compensatory and incidental damages against all Defendants;

7.      Awarding the Plaintiff actual damages pursuant to Conn. Gen. Stat. § 42-110g(a);

8.      Awarding the Plaintiff damages pursuant to Conn. Gen. Stat. § 31-72;

9.      Awarding the Plaintiff all costs incurred in this action;

10.    Awarding the Plaintiff attorney's fees;

11.    Derivatively, the Company requests an equitable order preventing the Defendants from gaining any monies paid to the Company at the resolution of this action;

12.    Derivatively, awarding the Company such other and further relief, both legal and equitable, as the Court, in its discretion, may deem just and proper;

13.    Derivatively, awarding the Company attorney's fees;

14.    Derivatively, awarding the Company treble damages for the Defendants' CUTPA violations;

15.    Derivatively, awarding the Company punitive damages to the extent of Plaintiff's entitlement thereto under applicable laws, including pursuant to Conn. Gen. Stat. § 42-110g(a); and

16.     Awarding the Plaintiff and the Company any legal and equitable relief
that the Court deems just.




                              **PLAINTIFF,**
                              **James Carnicelli Jr.**


                         By: _____
                              Joseph M. Pastore III, Esq.
                              Melissa Rose McClammy, Esq.
                              Pastore & Dailey LLC
                              Juris No. 433711
                              4 High Ridge Park, Third Floor
                              Stamford, CT 06905
                              203-658-8454 (Tel.)
                              203-348-0852 (Fax)
                              jpastore@psdlaw.net




23

RETURN DATE:  OCTOBER 27, 2020

| | |
|---|---|
| JAMES CARNICELLI JR., | : SUPERIOR COURT |
| | : |
|              Plaintiff, | : JUDICIAL DISTRICT OF |
| | : |
|    vs. | : STAMFORD/ NORWALK |
| | : |
| JOHN J. FARERI, JULIE FARERI, | : AT STAMFORD |
| CHRISTOPHER SHESKIER, and THE GATEWAY | : |
| DEVELOPMENT GROUP, INC. | : OCTOBER 09, 2020 |
| | : |
|                 Defendants; | |

And

JAMES CARNICELLI JR.,

              Derivative Plaintiff,

vs

JOHN J. FARERI, JULIE FARERI, and
CHRISTOHER SHESKIER,

              Derivative Defendants,

and

THE GATEWAY DEVELOPMENT GROUP, INC.,

              Nominal Defendant

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand in this action is more than Fifteen Thousand Dollars ($15,000)

exclusive of interest and costs.

PLAINTIFF,

James Carnicelli,

By: _____
Joseph M. Pastore III, Esq.
Melissa Rose McClammy, Esq.
Pastore & Dailey LLC
Juris No. 433711
4 High Ridge Park, Third Floor
Stamford, CT 06905
203-658-8454 (Tel.)
203-348-0852 (Fax)
jpastore@psdlaw.net

**<u>CERTIFICATION</u>**

I certify that on October 09, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

**Joseph L.A. Felner Jr.**
Connecticut State Marshal
Fairfield County
P.O.Box 596
Fairfield, CT 06824

Cell Phone
(203)209-0430

STATE OF CONNECTICUT

SS: Fairfield          Date: October 19, 2020

COUNTY OF FAIRFIELD

Then and there, by virtue hereof and by special direction of the plaintiff's attorney, I made service of the within and foregoing original **Complaint, Prayer For Relief, Statement Of Amount In Demand and Certification** by leaving a true and attested copy for **The Gateway Development Group, Inc.** with and in the hands of **Christopher Sheskier** (CFO ) at the usual place of business 2 Dearfield Drive, Greenwich, CT.

I then made further service of the within and foregoing original by leaving a true and attested copy with and in the hands of Christopher Sheskier (Individually) at the usual place of business 2 Dearfield Drive, Greenwich, CT.

I then made further service of the within and foregoing original by leaving a true and attested copy for **Julie Fareri** at the usual place of abode 4 Cove Ridge Lane, Old Greenwich, CT.

COUNTY OF FAIRFIELD          SS: Fairfield          Date: October 26, 2020

I then made further service of the within and foregoing original by leaving a true and attested copy for **John Fareri** at the usual place of abode 559 Steamboat Road, #A2, Greenwich, Ct.

The within and foregoing is the original **Complaint, Prayer For Relief, Statement Of Amount In Demand and Certification** with my doings thereon endorsed.

ATTEST : _____

Joseph L.A. Felner Jr.
Connecticut State Marshal
Fairfield County

Fees:
Service Fee       $   140.00
Travel                 117.50
Verified Copies        104.00
Endorsement              3.60

Total           $   365.10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____x
JAMES CARNICELLI JR.,                     :
                                          :
                    Plaintiff,            :        CASE NO.: ___21-792___
-against-                                 :
                                          :
JOHN J. FARERI, JULIE FARERI             :
CHRISTOPHER SHESKIER AND THE             :
GATEWAY DEVELOPMENT GROUP, INC.,         :
                                          :
                    Defendants;           :
and                                       :
                                          :
JAMES CARNICELLI JR.,                     :
                                          :
                    Derivative Plaintiff, :
vs.                                       :
                                          :
JOHN J. FARERI, JULIE FARERI             :
CHRISTOPHER SHESKIER,                    :
                                          :
                    Derivative Defendants,:
and                                       :
                                          :
THE GATEWAY DEVELOPMENT              :        June 10, 2021
GROUP, INC.                               :
                    Nominal Defendant.    :
_____x

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on June 10, 2021 a copy of the Notice of Removal with its exhibits were served on the following parties by email and regular mail:

Joseph M. Pastore III, Esq.
Pastore & Dailey, LLC
4 High Ridge Park
Third Floor
Stamford, CT 06905
(203) 658-8454
jpastore@psdlaw.net
(Attorneys for James Carnicelli)

1

Timothy T. Corey, Esq.
Hinckley Allen & Snyder LLP
20 Church Street
Hartford, CT 06103
(860) 278-3802
tcorey@hinckleyallen.com
Attorneys for John J. Fareri, Julie Fareri,
Christopher Sheskier and The Gateway Development Group, Inc.

Christoper V. Fenton, Esq.
Hinckley Allen & Snyder, LLP
30 South Pearl Street
Suite 901
Albany, NY 12207
(518) 396-3101
cfenlon@hinckleyallen.com
Attorneys for John J. Fareri, Julie Fareri,
Christopher Sheskier and The Gateway Development Group, Inc.

Johanna A. Zelman, Esq.
Ford & Harrison LLP
CityPlace II Suite 610
185 Asylum Street
Hartford, CT 06103
(860) 578-2075
jzelman@fordharrison.com
Attorneys for John J. Fareri and The Gateway Development Group, Inc.


Dated: Bridgeport, Connecticut          HOWARD MAGALIFF,
       June 10, 2021                    CHAPTER 7 TRUSTEE OF GATEWAY
                                        DEVELOPMENT GROUP, INC.


                                        By: /s/Irve J. Goldman
                                            Irve J. Goldman (ct02404)
                                            Pullman & Comley, LLC
                                            850 Main Street, P.O. Box 7006
                                            Bridgeport, CT  06601-7006
                                            Tel: 203 330 2213
                                            igoldman@pullcom.com
                                            His Attorneys

ACTIVE/8.3/IJG/9613142v1